# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN SHUCART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV01090 AGF |
| | ) |
| CACH, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 against Plaintiff Stephen Shucart. For the reasons set forth below, Defendants' motion will be denied on the ground that it was filed after the case was dismissed.

## BACKGROUND

Plaintiff initiated this action in state court on July 14, 2015, claiming that Defendant CACH, LLC, ("CACH") a debt collector, violated the federal Fair Debt Collection Practices Act and the Missouri Merchandising Practices Act by engaging in "litigation misconduct" in filing a state court action to collect a debt that CACH alleged had been assigned to it. The litigation misconduct asserted was that CACH had failed to attach to the state court petition proof that Plaintiff owed the debt or proof that the debt was assigned to CACH, and that CACH filed the action without any way to substantiate "the balance owed or even confirm that there was indeed a debt," and without "the means or intent to prosecute the [case], absent Plaintiff defaulting." (Doc.

No. 4.) The case was one of several similar lawsuits filed by Plaintiff's law firm against CACH on behalf of different plaintiffs.

On the same day that the state action was filed, CACH removed the case to this Court on the basis of federal question jurisdiction. On August 26, 2015, CACH filed its answer and attached thereto evidence of the debt owed by Plaintiff that was the subject matter of the state court collection action, as well as evidence of the debt's assignment to CACH. On December 23, 2015, Plaintiff filed an amended complaint adding as Defendants CACH's owners and/or parent companies and the law firm that represented CACH in the underlying state collection action. Defendants filed motions to dismiss and for judgment on the pleadings. On March 11, 2016, another judge in this district granted summary judgment to Defendants who were the defendants in another case raising the same legal issues as those raised in this case, *Gray v CACH, LLC*, No. 4:15-cv-00228-RWS, 2016 WL 931193 (E.D. Mo. March 11, 2016). On March 18, 2016, Plaintiff filed a motion under Rule 41(a)(2) for voluntary dismissal of the present case with prejudice, which Defendants did not oppose, and the Court granted the motion to dismiss on March 28, 2016.

The motion now before the Court was filed on April 4, 2016. Defendants argue that even if Plaintiff had a viable theory of recovery at the time he filed his initial complaint, that theory was no longer viable after August 26, 2015, when Defendants filed documents that defeated Plaintiff's claims, and Plaintiff had an obligation under Rule 11 to abandon his claims at that point. Defendants seek as sanctions their fees and expenses incurred in defending this action after August 26, 2015. In response to the

motion for sanctions, Plaintiff states that he voluntarily dismissed the present case in light of the decision in *Gray*, and that

> [t]o the best of Plaintiff's knowledge, information, and belief, he possessed sufficient evidence to submit a triable issue of fact to a jury as to whether Defendants actually intended to prosecute the state court collection lawsuit. Plaintiff also had an objectively reasonable belief that his allegations would have additional evidentiary support after a reasonable opportunity for further discovery.

(Doc. No. 41 at 1.) Plaintiff also asserts that the claims he voluntarily dismissed were warranted by existing law. Thereafter, Plaintiff filed a supplemental response, submitting to the Court the decision in *Noonan v. CACH, LLC*, No. 4:15-CV-01305-CAS, 2016 WL 1641405 (E.D. Mo. April 26, 2015), holding under virtually identical circumstances, that in light of the 21-day "safe harbor" provision or Rule 11(c), the court was without jurisdiction to grant Rule 11 sanctions where the motion for sanctions was filed after the case was dismissed under Rule 41(a)(2).

## **DISCUSSION**

Rule 11 requires that every pleading, written motion, or other paper be signed by an attorney or pro se party. By signing, filing, submitting or later advocating the pleading, motion or paper, the signer represents to the court that "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ." Fed. R. Civ. P. 11(b). Upon determining that Rule 11(b) has been violated, a court may impose appropriate sanctions either on its own motion or after proper motion by a party. Fed. R. Civ. P. 11(c).

3

In 1993, Congress added a 21-day "safe harbor" provision to Rule 11, which now provides as follows:

> The motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. Pro. 11(c)(2).

> The addition of the safe harbor provision in the 1993 amendment [to Rule 11] dramatically changed the effect that a final judgment or the dismissal of the claim has on the possibility of a Rule 11 proceeding. The Advisory Committee Note accompanying the 1993 amendment provides that "[g]iven the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Thus, service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.

5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed. 2016); *see also Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006).

The Court agrees with the reasoning and result in *Noonan*, and will deny Defendants' motion for sanctions because it was filed after the Rule 41(a)(2) dismissal of the case. *See also AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997) (concluding that Rule 11 sanctions were unavailable to the defendant who moved for sanctions after the plaintiff moved to voluntarily dismiss its claims against the defendant).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 is **DENIED**. (Doc. No. 40.)

Dated this 9th day of February, 2017

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE